```
                         United States Bankruptcy Court
                               District of Oregon
In re:                                                        Case No. 11-36492-tmb
Jeffrey Alan Atkins                                           Chapter 7
Mary Katherine Atkins
        Debtors                     CERTIFICATE OF NOTICE
District/off: 0979-3         User: courtney              Page 1 of 2         Date Rcvd: Dec 22, 2011
                             Form ID: pdf018             Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 24, 2011.
db/jdb       +Jeffrey Alan Atkins,    Mary Katherine Atkins,    712 B Patrol St,    Molalla, OR 97038-9370
             +Clackamas County FCU,    POB 2830,    Oregon City OR 97045-0282

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 24, 2011**              **Signature:**       *Joseph Speetjens*

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2011 at the address(es) listed below:
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

RDH (6/17/11) jlw

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
**Jeffrey Alan Atkins,**
**Mary Katherine Atkins**
Debtor(s)

Case No. **11-36492-tmb7**

RECORD AND ORDER
RE: REAFFIRMATION
AGREEMENT(S)

A hearing was held in this case on 12/22/11 regarding the reaffirmation agreement(s) specified below. The ( ) debtor(s), or only the ( ) husband ( ) wife, and/or ( ) debtor(s)' attorney appeared (Note: If nothing is marked then no debtor(s) or attorney appeared). The court gave the debtor(s) the information required by 11 USC §524(c) and (d) and found:

( ) Each of the debtor(s) agreement(s) with the following creditor(s) is approved upon finding each was made prior to discharge, did not impose an undue hardship on the debtor(s) OR a dependent of the debtor(s), and was in the debtor(s)' best interest:

( ) The following agreements(s) were approved in accordance with the preceding paragraph, but approval is conditioned on filing the written document within 21 days of the hearing date:

( ) Each of the following agreements relates to a consumer debt secured by real property, and therefore court approval of such agreement is not required or appropriate:

(X) The agreement with _Clackamas Community Federal Credit Union_ is not approved for the following reason(s):

  ( ) A presumption of undue hardship exists with respect to the reaffirmation agreement, and debtor(s) has/have not rebutted the presumption to the satisfaction of the court.
  ( ) Required form of reaffirmation agreement not used and/or not completely filled out (e.g., §524(k) disclosures not completed).
  ( ) The value of the collateral is substantially less than amount owed.
  ( ) The reaffirmation agreement was entered into after discharge.
  ( ) The debt is unsecured.
  ( ) Approval would not be in the debtor(s)' best interest considering income, expenses and dependents.
  ( ) The lien would be voidable pursuant to 11 USC §522(f).
  ( ) Agreement or Cover Sheet was not signed by all required parties.
  ( ) The original obligation was not in default.
  (X) Debtor(s) did not appear.
  ( ) Other:

( ) The agreement with _____ is not approved for the following reason(s):

  ( ) A presumption of undue hardship exists with respect to the reaffirmation agreement, and debtor(s) has/have not rebutted the presumption to the satisfaction of the court.
  ( ) Required form of reaffirmation agreement not used and/or not completely filled out (e.g., §524(k) disclosures not completed).
  ( ) The value of the collateral is substantially less than amount owed.
  ( ) The reaffirmation agreement was entered into after discharge.
  ( ) The debt is unsecured.
  ( ) Approval would not be in the debtor(s)' best interest considering income, expenses and dependents.
  ( ) The lien would be voidable pursuant to 11 USC §522(f).
  ( ) Agreement or Cover Sheet was not signed by all required parties.
  ( ) The original obligation was not in default.
  ( ) Debtor(s) did not appear.
  ( ) Other:

If the Reaffirmation Agreement is not approved, the subject debt may be paid voluntarily and the creditor is permitted to accept voluntary payments. Everything required of the debtor by 11 USC §521(a)(2)(B) has been done; hence, the automatic stay termination provided by 11 USC §362(h)(1) does not apply.

IT IS SO ORDERED

_/s/ Trish M Brown_

Bankruptcy Judge